**KAKE SCHOOL DIST. v. P. E. HARRIS & CO.**

**Civ. A. No. 6440–A.**

United States District Court, Alaska.
First Division. Juneau.

Dec. 3, 1951.

Wm. L. Paul, Jr., Juneau, Alaska, for plaintiff.

R. E. Robertson, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiff seeks to recover, in a personal action, $36,487.81 in property taxes and penalties for the years 1948–50. Defendant contends that the Court lacks jurisdiction in a substantive as well as procedural sense.

Defendant was incorporated under the laws of the State of Washington and thereafter engaged in business in Alaska. On May 19, 1950, however, it revoked the designation of its statutory agent for the service of process and on May 24 withdrew from Alaska and filed contemporaneously therewith its certificate of withdrawal. On June 26, 1950, it was dissolved, but the final certificate of dissolution had not been filed in the State of Washington at the time this action was commenced on April 20, 1951. Assessment and levy of the taxes were made January 3, 1951. Provision is made for enforcing the collection of such taxes by a proceeding to foreclose the lien or by an action in personam, Section 37–3–24 A. C.L.A., 1949. It is conceded that at the commencement of this action the defendant had no property in the Territory subject to attachment or to which the tax lien had attached and presumably this is the reason for resorting to a personal action. Service was had on the former statutory agent and on the Clerk of this Court.

The question presented is whether under the pertinent Alaska statutes and consistently with the requirements of procedural due process, jurisdiction has been acquired over the defendant by service upon the former agent and the Clerk of the Court. The question is primarily one of statutory construction, 26 Harvard Law Review 749, although constitutional questions lurk in the background, which, however, are not reached in view of the conclusion arrived at.

The statutory provisions are found in Alaska Compiled Laws Annotated, 1949, and, so far as pertinent to this controversy, are as follows:

"*Sec. 36–2–1*: No corporation \* \* \* organized under \* \* \* the laws of any State or Territory of the United States other than the Territory of Alaska \* \* \* shall do or engage in business within the Territory of Alaska without first having filed \* \* \* (c) A certificate \* \* \* certifying that such corporation or company has consented to be sued in the courts of the Territory upon all causes of action arising against it in the Territory and that service of process may be made upon some person, a resident of the Territory, whose name and place of residence shall be designated in such certificate. \* \* \* Such service, when so made upon such agent, shall be valid service upon such corporation or company.

\*    \*    \*    \*    ·\*    \*

"In case such corporation or company shall have failed to comply with the above provisions for the appointment of an agent in each division of the Territory upon whom process may be served as hereinabove provided, or shall fail to comply with the provisions of Section 36–2–4 such process may be served upon the clerk of the court of the judicial division in which a cause of action, civil or criminal, may arise against such corporation or company, and such service shall be taken and held in all courts to be valid and binding."

"*Sec. 36–2–3*: The designation of · an agent shall remain in force until the filing in the same offices of a written revocation thereof."

"*Sec. 36–2–4*: In case of the death, removal from the Territory or division, or disqualification of the person so designated,

it shall be the duty of the Clerk of the District Court to notify such corporation or company, and it shall be the duty of such corporation or company, within sixty days thereafter, to designate another person in the manner hereinafter provided."

"*Sec. 36–6–17*: Any foreign corporation registered in the office of the Auditor of Alaska desiring to withdraw from the Territory of Alaska may do so upon payment of all annual corporation taxes and penalties due at the time of such desired withdrawal, and filing in the office of the Auditor of Alaska, and in any office of the Clerk of the Court where its articles are on file, a certificate of withdrawal, signed by its proper officers and under its corporate seal."

"*Sec. 53–2–3*: No corporation is subject to the jurisdiction of the district court of the Territory unless it appear in the court, or have been created by or under the laws of the Territory, or have an agency established therein for the transaction of some portion of its business, or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached."

"*Sec. 55–4–6: Service of summons: Manner: Upon whom made.* The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the clerk of the court as follows: First. * * * if the action be against a foreign corporation doing business in the Territory, if it has not appointed as a statutory agent upon whom service can be made, or if it has appointed such statutory agent and service cannot be made upon such agent, then to the person having control of the business of such foreign corporation or upon the Clerk of the District Court of the division, in which such corporation is doing or has been doing business. * * *"

The general rule appears to be that where a foreign corporation has withdrawn from a state, service upon the designated agent or state official is sufficient in an action upon a liability arising out of the activities of such corporation carried on within said state before the withdrawal, Annotation 45 A.L.R. 1447; Restatement Conflict of Laws, Section 93. I am of the opinion, however, that differences in the local statutory provisions require that the minority rule be followed in this case.

■ The authority of the agent appointed under Section 36–2–1 does not commence until the certificate has been filed and ends with the filing of a revocation under Section 36–2–3. It would thus appear that, so far as the statutes quoted are concerned, the authority of the agent is limited to the period during which the corporation does business in the Territory. It may be argued, of course, that the latter section was aimed merely at secret revocations of authority, without a concurrent cessation of business, and the interposition of claims of immunity from service based on such revocation and that hence Section 36–2–3 should not be construed so as to enable the corporation to escape a liability incurred before revocation. But in my opinion that section, considered in conjunction with Section 36–6–17, warrants the conclusion that upon revocation of the agent's authority the corporation is no longer amenable to local process.

■■ The provision of Section 36–2–1 for service on the Clerk of the Court may be invoked only where there has been a failure to designate an agent or his successor under Section 36–2–4, from which it follows that where, as here, Section 36–2–1 has been complied with, and where none of the events specified in Section 36–2–4 has occurred, service of process on the Clerk of the Court is unauthorized. Nor does the use of the words "has been doing business", in Section 55–4–6 warrant a different conclusion. It is reasonably clear that this language refers to cases in which there has been a cessation of business but no formal withdrawal. A broader construction, such as would authorize service after revocation or withdrawal, would have the effect of repealing Section 36–2–3. Not only is there no basis for imputing such intent to the legislature, but it would have been a relatively simple matter to provide in express terms for the continuation of the authority of the agent beyond revocation and withdrawal so as to leave existing liabilities un-

affected. These considerations lead me to conclude that the authority of the agent and the Clerk of the Court to accept service of process ended with the revocation of the agent's authority and the withdrawal of the defendant, with a consequent loss of jurisdiction, 26 Harvard Law Review 749 and cases cited.

The examination of the authorities cited in the annotation in 45 A.L.R. 1447, et seq., and those cited in the notes in 23 Am.Jur. 513–6, Sec. 500, and the notes in Vols. 19, 26, 33 and 42 of Harvard Law Review, pages 52, 749, 730 and 1062, respectively, discloses only one in which there is an identity of statutory provisions particularly as respects Section 36–2–3, viz., United Missouri River Power Company v. Wisconsin Bridge & Iron Co., 44 Mont. 343, 119 P. 796. In that case the Court, after finding that the law was "plain, certain and unambiguous", held that revocation effectively placed the corporation out of the reach of process by service on the agent. This in essence is the minority rule.

In support of the majority rule the oft-repeated argument is that any provision for service on a public official, e. g., the clerk of the court, is meaningless unless it is held to extend to cases in which there has been a cessation of business. The rationale of decision is that where there has been no withdrawal, service on the agents of the corporation could be made under the common law, thus rendering unnecessary any provision for service on a public official, 19 Harvard Law Review 52, 26 Harvard Law Review 749. But in my opinion the majority rule cannot be followed here because service on the clerk may be had only where no agent has been designated pursuant to Section 36–2–1. Incidentally, it should be noted that such designation was made in the case at bar. But there are other reasons. No such specificity is found in the statutory provisions dealt with in the cases examined, relating to revocation. Moreover, there is purpose and meaning in the statutory provision for revocation of the agency sufficient to warrant its enactment and perhaps its continued existence, even though it is interpreted to extend only to the period during which a foreign corporation is actually engaged in business in the Territory, because, by requiring the designation of such agents, considerable controversy as to the one on whom service may validly be made is avoided.

The majority rule has much to recommend it and if the problem were one to be resolved upon considerations of public policy alone, I should have no hesitancy in giving it effect in this jurisdiction, but since the statutory scheme, in my opinion, requires a different conclusion, I am constrained to hold that the revocation of the agent's authority in the instant case placed the defendant beyond the reach of process at the commencement of this action, and that the service should, therefore, be quashed.